Edward M. Keech, No. 048098
**WALSH LAW FIRM**
Attorneys at Law
1990 N. California Boulevard, 8th Floor
Walnut Creek, CA 94596
Telephone:	925.284.7400
Facsimile:	866.406.8863
Email:	ekeech@walsh-law.com

Attorneys for Plaintiff, Oakland Yacht Club

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OAKLAND YACHT CLUB, a California Non-profit Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>The Vessel ULTIMATUM, Official Number 1047526, her mast, sails, engine and appurtenances, *in rem*,<br><br>            Defendant. | No. 4:14-CV-00480-CW<br><br>**ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN** |

Upon the application of plaintiff, OAKLAND YACHT CLUB, for an order appointing a substitute custodian in lieu of the U. S. Marshal in this case, and good cause appearing therefore, it is

ORDERED that plaintiff's application is granted; and it is further

ORDERED that if the U. S. Marshal for this District arrests the vessel ULTIMATUM, Official Number 1047526, her mast, sails, engine and appurtenances at the Pacific Marina, Alameda, California, the Marshal transfer to the custody of substitute custodian OAKALND YACHT CLUB by and through its authorized representatives, immediately following its arrest; and it is further

ORDERED that upon the transfer of said vessels to the substitute custodian, the aforesaid substitute custodian is hereby appointed to act as substitute custodian of the defendant vessel during *custodia legis* on behalf of this Court, in place and instead of the U. S. Marshal, until further order of this Court; and

ORDERED that upon transfer of custody of the defendant vessel to the substitute custodian by the U.S. Marshal, the U.S. Marshal shall not be liable for any loss occurring while it remains in the custody of the substitute custodian; and it is further

ORDERED that all reasonable expenditures of the U. S. Marshal shall be administrative expenses in this action and a first charge on the vessels herein, to be paid to the U. S. Marshal prior to the release of the defendant vessels or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenses of the substitute custodian shall be administrative expenses in this action and a first charge on the vessel, but subordinate to the claims of the U.S. Marshal herein, to be paid to the substitute custodian, or to any party advancing funds to the substitute custodian, prior to the release of the defendant vessels or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenditures which may be incurred by the United States of America and the substitute custodian, or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessels while they are in *custodia legis*, including costs of maintaining adequate port risk insurance on the vessels, which insurance shall be maintained by the United States Marshal's Service and by the substitute custodian while the vessel is in *custodia legis* shall be administrative expenses in this action and a first charge on the defendant vessels herein, to be paid prior to the release of the vessels or the distribution of proceeds of their sale, said expenses of the substitute custodian being $ 36 per day for the cost of watchmen, wharfage, fire protection, and shore power; and it is further

ORDERED that OAKLAND YACHT CLUB shall defend, indemnify and hold harmless the United States Marshal for the Northern District of California of and from any claims, demands, liabilities and causes of action arising in connection with the arrest or custody of the Vessel ULTIMATUM in this action and it is further

1   ORDERED that during *custodia legis* the substitute custodian shall not permit repairs or changes
2   to be made to the vessel, except for routine maintenance required for the vessel's safekeeping, or in
3   emergency situations, without an order of this Court.
4   DONE this __7th__ day of ____February____, 2014.

5
6                                                        _____
7                                                        United States District Judge

**RETURN**

I HEREBY CERTIFY that in response to the within order Appointing Substitute Custodian, I delivered the possession of the Defendant vessel, its engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging to the within named substitute custodian at

_____ a.m./p.m. on _____.

By: _____
    UNITED STATES MARSHAL

**RECEIPT**

I, Fred Doering, General manager of the substitute custodian named in the above Order, hereby accept receipt in accordance with the terms of the said Order, of the Defendant vessel ULTIMATUM, Official Number 1047526, her mast, sails, engine and appurtenances at Pacific Marina Slip 426, and at the hour of _____, on the _____ day of _____, 2014. I further understand that the vessel can ONLY BE RELEASED by the U. S. Marshal. Any person releasing said vessel other than the U. S. Marshal will be responsible for all costs and fees due to the U.S. Marshal's Service.

Signed: _____

**ORDER APPOINTING SUBSTITUTE CUSTODIAN**             No. 4:14-CV-00480-CW