Edward M. Keech, No. 048098
**WALSH LAW FIRM**
Attorneys at Law
1990 N. California Boulevard, 8th Floor
Walnut Creek, CA 94596
Telephone:     925.284.7400
Facsimile:     866.406.8863
Email:         ekeech@walsh-law.com

Attorneys for Plaintiff, Oakland Yacht Club

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OAKLAND YACHT CLUB, a California Non-profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Vessel ULTIMATUM, Official Number 1047526, her mast, sails, engine and appurtenances, *in rem*,<br><br>Defendant. | No. 4:14-CV-00480-CW<br><br>**ORDER FOR FINAL SALE AND SETTING A DEADTINE FOR INTERVENTIONS** |

Default of the Vessel ULTIMATUM, Official Number 1047526, her mast, sails, engine and appurtenances, *in rem* and of all persons claiming a right of possession of the Vessel having been entered, and final judgment rendered in favor of Plaintiff against the vessel,

IT IS ORDERED THAT:

1. The U.S. Marshal shall sell at public sale the defendant Vessel ULTIMATUM, Official Number 1047526, her mast, sails, engine and appurtenances, *etc.,* to the highest and best bidder on a date and at a time agreeable to the Marshal's Service and the Substitute Custodian, or as soon thereafter as is practical, in the entrance lobby of the Oakland Yacht Club, 1101 Pacific Marina, Alameda, California 94501 (at the foot of Triumph

    Drive).

2. The Plaintiff shall (a) publish notice of such sale daily for six (6) consecutive publication days before the date of sale, consistent with this order, in the San Francisco Daily Journal, and (b) file the proof of publication and provide a copy of it to the Marshal no later than two business days before the scheduled sale. Plaintiff may, at its election, advertise in local papers.

3. The costs of publication advanced by plaintiff herein shall be an administrative expense and shall constitute a first charge against the proceeds of any sale.

4. Plaintiff is authorized to bid at the sale, without having to make any deposit therefore, up to the amount of its judgment, including taxed *custodia legis* expenses and costs. Plaintiff shall comply with the notice provisions of Admiralty Local Rule 9-2(b).

5. No minimum bid is set for the auction sale, and bidding shall be made in increments of at least $100.00 each.

6. The Marshal shall require of the last and highest bidder at the sale a minimum deposit in cash, certified check or cashier's check, of the full purchase price if it does not exceed $1,000, and otherwise $1,000 or ten percent of the bid, whichever is greater. The balance, if any, of the purchase price shall be paid in cash, certified check or cashier's check before confirmation of the sale or within 3 court days of the dismissal of any opposition which may have been filed.

7. All persons wishing to bid must register their names and addresses with the Marshal at the commencement of the sale. At any time upon the demand of any other registered bidder the most recent bidder shall be required to display confidentially to the Marshal cash, a certified check or a cashier's check sufficient to pay the deposit required for that bidder's latest bid, and upon failure of a bidder to display an appropriate resource for the required deposit, the bid shall be rejected and disregarded by the Marshal, the previous high bid reinstated, and the bidding continued.

8. Unless a written objection to the sale is made and filed with the Court within three court days following the sale, the sale shall be confirmed without motion. Upon confirmation

**ORDER FOR FINAL SALE AND INTERVENTIONS**          No. 4:14-CV-00480-CW

of the sale, all maritime liens and other claims against the vessel *in rem* shall be transferred to the proceeds of the sale, and the Marshal shall transfer title to the vessel, free and clear of all prior lines, mortgages and encumbrances, upon presentation of the Court's order confirming such sale.

9. The proceeds of the sale shall be paid forthwith into the registry of this Court to abide by the determination of the action therein

10. The Substitute Custodian shall allow escorted inspection of the vessel's interior and exterior, but always afloat, in its slip at the Oakland Yacht Club by prior mutually convenient telephone arrangement with Mr. Fred Doering, General Manager of Oakland Yacht Club, (510) 522-6868, Tuesdays through Saturdays, between the hours of 1000 and 1600.

11. Upon confirmation of the sale, the Substitute Custodian shall be relieved of any future responsibilities under the Order Appointing Substitute Custodian.

12. All claims against the proceeds other than those of Plaintiff shall be made by intervention pursuant to Rule 24(a), F. R. Civ. P., and Admir. L.R. 8-1 and shall be filed within thirty days after the date of confirmation of the sale. .

13. On that same date, Plaintiff shall file a report with the Court as to its compliance with this order, the proceeds of the sale and any proceeds remaining after satisfaction of the liens. The Court will order disposition of any such proceeds.

Dated: 5/27/2014

_____
United States District Judge